UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:04-cr-374-T-30AEP

FABIO ENRIQUE OCHOA-VASCO

**ORDER VACATING FINAL JUDGMENT OF
FOREITURE AS TO CERTAIN REAL PROPERTY AND FOR FINAL
JUDGMENT OF FORFEITURE FOR $7,500.00 IN LIEU OF REAL PROPERTY**

THIS CAUSE comes before the Court upon the filing of the Motion by the United States of America to vacate the Final Judgment of Forfeiture (Doc. 508) for the following real property:

> The real property, including all improvements thereon and appurtenances thereto, located at 10340 S.W. 154th Place, # 41, Miami, Florida, and titled to ANASTASHA OCHOA, with an approximate value of $130,000.00, which is legally described as follows:
>
> Unit No. 41, in Building 7, of the CHATEAUBLEU AT THE HAMMOCKS, PHASE I, a Condominium according to the Declaration thereof, as recorded in Official Records Book 12640, Page 1895, as amended, of the Public Records of Miami-Dade County, Florida.

The United States further moved the Court, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), to enter a Final Judgment of Forfeiture for $7,500.00 in lieu of the real property identified above, representing the defendant's equity in the property.

Being fully advised in the premises, the Court finds that on April 9, 2012, pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), a Final Judgment of Forfeiture for Specific Property was entered, which included the real property identified above. Doc. 485.

The Court further finds that after the Final Judgment of Forfeiture was entered, the United States learned of Northstar Mortgage Investments, Inc. (Northstar), a lienholder which was without knowledge of the United States' interest in the property at the time it secured a mortgage.

The Court further finds that the United States is satisfied that Northstar is a bona fide purchaser for value and was, at the time of the loan transaction, without knowledge, consent, or willful blindness of any criminal activity regarding the property. As such, the United States accepted $7,500.00 from Northstar in lieu of the defendant's interest in the real property. The $7,500.00 represents the defendant's equity in the property. Therefore, the United States no longer has any right, title or interest in the real property. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 508) is GRANTED.

It is FURTHER ORDERED that the Final Judgment of Forfeiture for Specific Property entered by this Court on April 9, 2012, is vacated as to the real property identified above. The remainder of the Final Judgment of Forfeiture for Specific Property shall remain in full force and effect.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), all right, title and interest in $7,500.00 in lieu of the real property, identified above, is CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the $7,500.00 is now vested in the United States of America.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Parties/Counsel of Record

S:\Even\2004\04-cr-374.Order Vacating508.wpd

3